# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

*purrules/ O-571*

*This Opinion Overruled...*

*# O-1064*

Department of Agriculture
Austin, Texas

Attention: Mr. W. S. Bussey

Dear Sir:

Opinion No. O-5185
Re: (1) Effective date of Senate
Bill No. 134, Acts of 48th
Legislature.

(2) Effective date of House
Bill No. 52, Acts of 48th Le-
islature.

    You have recently requested the opinion of this de-
partment as to the effective date of Senate Bill No. 134 and
House Bill No. 52, respectively, both bills being Acts of the
48th Legislature.

    With reference to Senate Bill No. 134 we have examin-
ed the original in the office of the Secretary of State and
find the following notations endorsed on said bill:

        "S. B. No. 134

/signed/ John Lee Smith
President of the Senate

    "I hereby certify that S. B. No. 134 passed
the Senate, February 24, 1943, by the following
vote: Yeas 27, Nays 0; March 31, 1943, Senate con-
curred in House amendment, by a viva voce vote.

/s/ Bob Barker
Secretary of the Senate

/s/    Price Daniel
Speaker of the House of Representatives

    "I hereby certify that S. B. No. 134 passed
the House of Representatives, with amendment,

March 24, 1943, by the following vote:  Yeas 102, Nays 5. _____

/s/    Clarence Jones
Chief Clerk of the House of Representatives

"Approved:

April 2nd, 1943
Date

/s/ Coke R. Stevenson
Governor "

FILED IN THE OFFICE OF
THE SECRETARY OF STATE
THIS 2nd DAY OF April 1943
AT 4 O'CLOCK AND 55 MINUTES
/s/ Sidney Latham
Secretary of State

The bill contains an emergency clause.

Section 39 of Article III of the Constitution of Texas, reads as follows:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

In an opinion of this department dated March 26, 1922, by the Honorable Wallace Hawkins, Assistant Attorney General, which opinion was approved by the Honorable W. A. Keeling, Attorney General, it was held that where a bill carrying an emergency clause and directing that it become effective on a date certain, passes the House and Senate under suspension of the rule requiring bills to be read on three several days, or passes both houses with three several days' consideration, and the final passage in either instance is by recorded two-thirds vote, the bill becomes effective as directed by the Legislature, but if in final passage the House or Senate concurs in an amendment it must be by two-thirds vote taken by yeas and nays and such vote entered of record in the journals, before such bill can become effective as an emergency measure.

Department of Agriculture, page 3

In the opinion above referred to it was said:

"To hold that a two-thirds recorded vote is unnecessary in concurring on such amendment we must conclude that in some prior stage of the procedure of a bill it was finally passed. Two lines of authorities exist on the definition of final passage. While the wording of our statute is sufficient to support the conclusion above, yet if it be necessary to adhere to or resist one of the two lines of authorities mentioned we would embrace the holding that voting upon such an amendment as we have before us is voting upon the final passage of the bill."

Since the rendition of this department's opinion in 1922 the two highest courts of Texas have followed the same rule as announced in that opinion.

In Ex parte May, 40 S. W. (2d) 811, the Court of Criminal Appeals of Texas in 1931, in passing upon a similar question to the one with which we are here concerned, said:

". . . It seems enough to say that a reasonable and logical interpretation of the controlling provision of the Constitution of this state confers upon the Legislature both the power, by a record vote with majority of two-thirds of the members of each house, to change the time within which an act of the Legislature may ordinarily become effective, and requires that they exercise such authority and power at the time when they become aware of the terms of the law as finally agreed upon. Previous action upon a bill in its initial stages, before material and radical changes have been made, would not control."

In Caples v. Cole, 102 S. W. (2d) 173, the Supreme Court of Texas in 1937, in an opinion written by Justice Sharp, with reference to a similar question with which we are here concerned, said:

"This precise question has never been before this court for decision. A conflict has arisen by reason of an opinion rendered by the Court of Civil Appeals at Fort Worth, in the case

Department of Agriculture, page 4

of Wilson v. Young County Hardware & Furniture Co., 262 S. W. 873, and an opinion rendered by the Court of Criminal Appeals in the case of Ex parte May, 118 Tex. Cr. R. 165, 40 S. W. (2d) 811. In the Wilson Case the Court of Civil Appeals held, in effect, that the passage of a bill required to be taken by ayes and nays is the vote by which each house adopts it after final reading, and not that vote by which the house in which it originated may subsequently concur in amendments made by the other house. This case did not reach the Supreme Court, so far as our records show, and the holding therein has never been approved or disapproved by this court. In the May Case the Court of Criminal Appeals held, in substance, that a substitute bill, different from the original bill, and not passed by a record vote showing concurrence of two-thirds of the Legislature, was ineffective as an emergency measure; and that the power to make an emergency measure must be exercised when the Legislature becomes aware of the terms contained in the bill as finally agreed upon and passed. The Court of Civil Appeals followed the rule announced by the Court of Criminal Appeals in the May Case, and held that the vote upon the amendments, and not the vote upon the original bill, would control. . . .

". . . .

"Furthermore, we agree with the holding of the Court of Criminal Appeals in the May Case, and hold that this bill became effective immediately after its passage. It is clear that the object of the provision of the Constitution above quoted is that if a bill is to take effect immediately on its passage, it must contain an emergency clause, and such bill must be passed by a vote of two-thirds of all the members elected to each house, and such vote to be taken by yeas and nays and entered upon the journals. We think the rule prescribed by the Constitution also applies to amendments and reports of conference committees. If this were not true, it is quite obvious how the rule could be abused. A harmless bill might be passed in its inception by the requisite vote,

Department of Agriculture, page 5

and then be radically amended and such amendments be put into immediate effect without the vote required by the Constitution. If such were the rule, the vote on the original bill would control as to whether it became a law immediately after its final passage, and not the final vote subsequently taken on the amendments placed thereon by the other branch of the Legislature, and the plain provision of the Constitution requiring that it be adopted by a vote of two-thirds of all the members of each house, in order to declare an emergency, could be evaded."

Senate Bill 134, Acts of the 48th Legislature, passed the Senate by a vote of 27 yeas and 0 nays. Thereafter it was sent to the House where it was amended and passed as amended by a vote of 102 yeas and 5 nays. The bill was then returned to the Senate where the House amendments were concurred in by a viva voce vote, as reflected on page 574 of the Senate Journal.

It is therefore the opinion of this department that Senate Bill No. 134, Acts of the 48th Legislature, is not effective as an emergency measure as the Senate Journal fails to reflect that such measure received the required two-thirds vote of the Senate and fails to reflect that the final vote was taken by ayes and nays as required by Section 39 of Article III of the Constitution of Texas.

The Legislature adjourned on May 11, 1943, and the bill becomes effective ninety full days after such date.

With reference to House Bill No. 52, Acts of the 48th Legislature, we have examined the document as filed in the office of the Secretary of State and find the following certificates and notations endorsed on same:

"/s/ John Lee Smith       /s/ Price Daniel
President of the Senate    Speaker of the House

"I hereby certify that H. B. No. 52 was passed by the House on April 8, 1943, by the following vote: Yeas 112, Nays 6. _____

/s/ Clarence Jones
Chief Clerk of the House

Department of Agriculture, page 6

"I hereby certify that H. B. No. 52 was pass-
ed by the Senate on April 21, 1943, by the follow-
ing vote:  Yeas 26, Nays 0. _____

                              /s/ Bob Barker
                              Secretary of the Senate

"APPROVED: _____
                Date

_____                  FILED IN THE OFFICE OF
        Governor             THE SECRETARY OF STATE
                             THIS 3rd DAY OF May 1943
                             AT 11 O'CLOCK AND 30
                             MINUTES

                             /s/ Sidney Latham
                             Secretary of State "

        The House Journal reflects on pages 1680-1681 that the
bill was passed by that body by a vote of 102 ayes as against 7
nays on April 8, 1943.  It was passed by the Senate by a vote
of 26 yeas with no nays on April 21, 1943, as reflected on page
883 of the Senate Journal.

        It is observed that the bill was filed in the office
of the Secretary of State on May 3, 1943, without the signature
of the Governor.  The bill was therefore effective on May 3,
1943.

        What was said in this department's opinion No. 0-534-7,
which opinion was addressed to the Honorable Sidney Latham, Sec-
retary of State, under date of June 1, 1943, is likewise appli-
cable in this instance.  In that opinion it was said:

        "The reason for this answer is that the twen-
        ty days allowed to the Governor under the circum-
        stances stated by you within which to file the
        Bill with his objections or approval are days of
        grace or privilege of time within which he may
        exercise his discretion of executive approval or
        disapproval.  When, however, even though short of
        that period he has exercised his prerogative, he
        has fully functioned, the matter is out of his con-
        trol, and the Bill becomes effective according to

Department of Agriculture, page 7

            its terms as though he had neglected to exercise
            the privilege of the full twenty days allowed him."

            This department's opinion No. 0-1064 is hereby ex-
pressly overruled, insofar as it may conflict with the hold-
ings expressed in this opinion.

                                        Very truly yours

                                  ATTORNEY GENERAL OF TEXAS

                                        E. G. Pharr

                              By

                                        E. G. Pharr
                                        Assistant

EGP:db

                    APPROVED JUN 11, 1943

                    Gerald C. Mann

                ATTORNEY GENERAL OF TEXAS

APPROV
OPINIO
COMMIT.
BY BW

J.C.C.